WILLIAM B. COOPER, PETITIONER-APPELLANT, v. CITIES SERVICE OIL COMPANY, RESPONDENT-RESPONDENT.

Argued February 5, 1948—Decided May 13, 1948.

For the petitioner-appellant, *David T. Wilentz* (*Christian J. Jorgensen,* of counsel).

For the respondent-respondent, *John W. Taylor.*

The opinion of the court was delivered by

WACHENFELD, J.   The sole question in this case is the amount of compensation for partial permanent disability under the provisions of *R. S.* 34:15–7, *et seq.*

As part of his employment with the Cities Service Oil Company, William Cooper was closing a garage door when rust scales fell into his eyes. The right eye was 100 per cent. permanently disabled while the left, 10 per cent. Five per

cent. partial permanent disability due to neurosis and loss of seven teeth were also proven to have resulted from the accident.

These findings are not questioned but the total award based thereon is disputed. The Bureau and the Common Pleas awarded compensation for loss of vision amounting to 55 per cent. of total and an additional five per cent. for neurosis, making 60 per cent. of permanent total disability or 300 weeks at petitioner's rate per week. They also allowed 28 weeks for loss of the teeth. The Supreme Court, grouping all of the injuries together, reduced the award to 40 per cent. of total permanent disability or 200 weeks.

Compensation for the loss of one eye and two eyes is specifically covered in R. S. 34:15–12 (s) and (v). Injuries for lesser or other cases are compensable pursuant to R. S. 34:15–12 (w), which at the time of this accident provided:

"In all lesser or other cases involving permanent loss * * * the duration of compensation shall bear such relation to the specific periods of time stated in the above schedule as the disabilities bear to those produced by the injuries named in the Schedule. In cases in which the disability is determined as a percentage of total and permanent disability the duration of the compensation shall be a corresponding portion of five hundred weeks."

When there is a partial permanent disability to two members of the body included in paragraph (v), such as eyes, it is error to calculate each disability separately under paragraph (s) and to add the percentages; compensation must be determined pursuant to paragraph (w) as a percentage of total disability. *Vishney* v. *Empire Steel and Iron Co.,* 87 *N. J. L.* 481. If three members of the body designated in paragraph (v) are injured, the partial disability of the three members must be computed "upon the basis of the percentage of total and permanent disability reasonably found to be produced by the several injuries considered collectively and with due regard to their cumulative effect." *Orlando* v. *Ferguson & Son,* 90 *Id.* 553, 558.

In the instant case so much of the award allowed for the loss of seven teeth was correctly determined in accordance

with *R. S.* 34:15–12 (t). Separate and distinct classes of partial incapacity, though resulting from the same accident, are individually compensable. *Sigley* v. *Marathon Razor Blade Co., Inc.,* 111 *N. J. L.* 25. We must determine pursuant to the provisions of *R. S.* 34:15–12 (w) compensation for the loss of the employee's right eye, partial permanent disability of the left eye, and a neurosis resulting from both.

The Bureau found the percentage of total and permanent disability to both eyes amounted to 55 per cent., which apparently represents the mean of the individual disability to both eyes. This method of computation is wholly in accord with the purpose of the Workmen's Compensation Act in general and with paragraph (w) in particular, which is to reduce compensable disability to mathematical computations, and will be accepted as the percentage of total and permanent disability in the absence of proof to the contrary. *Vishney* v. *Empire Steel and Iron Co., supra; Katona* v. *Federal Shipbuilding, &c., Co.,* 136 *Id.* 474.

*Orlando* v. *Ferguson & Son, supra,* does not hold otherwise; there the error consisted in the computation of compensation under paragraph (s) when all the injuries were within the provisions of paragraph (w). In *Colarusso* v. *Bahto,* 128 *N. J. L.* 537, an award was allowed for 47½ per cent. for the total loss of one eye, partial permanent disability of the other, and a 12½ per cent. neurosis. The method of computation, however, was not indicated.

Here the additional allowance of five per cent. of total for neurosis was proper. The disability is distinct and separate and therefore compensable under the statute. *Sigley* v. *Marathon Razor Blade Co., Inc., supra.*

In reaching a contrary result the court below committed reversible error. There is no evidence in the record to sustain its determination. The court stated:

"Many factors enter into the calculation, among others the type of work for which the individual is qualified. Here we are not dealing with a workman whose earning capacity is dependent upon the acuteness of vision such as an engraver, but one whose occupation is that of a watchman. The work performed by a watchman is not skilled and we find that the

cumulative effect of the injuries sustained in this case amounts to forty per cent. of total permanent disability."

To hold that the nature of a person's employment is a factor in determining an award not only injects a highly speculative element into the determination but has no foundation in the statutes. It has already been held the test is not "the immediate impairment of earning power; it is rather the loss ensuing from personal injury which detracts from the 'former efficiency' of the workman's 'body or its members in the ordinary pursuits of life.' The benefits conferred by this particular provision have been classified by this court as in the nature of an indemnity for personal injury sustained, rather than for the mere loss of earning power." *Everhart* v. *Newark Cleaning and Dyeing Co.*, 119 *N. J. L.* 108, 111-112.

The judgment of the Supreme Court is reversed, and the judgment of the Common Pleas affirmed.

*For affirmance*—None.

*For reversal*—BODINE, HEHER, WACHENFELD, BURLING, DILL, SCHETTINO, JJ. 6.

*For reversal and to remand*—THE CHANCELLOR, CHIEF JUSTICE, WELLS, FREUND, MCLEAN, JJ. 5.